IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 6 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02402-ZLW

RICKY LAVINE WILLIAMS,
    Applicant,

v.

DICK SMELSER, Warden of C.C.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

## ORDER DENYING MOTION TO RECONSIDER

Applicant Ricky Lavine Williams has filed *pro se* on February 13, 2006, a "Verified Motion to Alter or Amend Judgment in Accordance With F.R.C.P. 59(e)." Mr. Williams asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on February 1, 2006. The Court must construe the motion to reconsider liberally because Mr. Williams is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Williams filed the motion to reconsider within ten days after the Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore,

the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action after determining that the habeas corpus application was barred by the one-year limitation period in 28 U.S.C. § 2244(d). Mr. Williams argues in the motion to reconsider that the Court erred in reaching that conclusion.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Williams fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Williams does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that the instant action is barred by the one-year limitation period. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Verified Motion to Alter or Amend Judgment in Accordance With F.R.C.P. 59(e)" filed on February 13, 2006, is denied.

DATED at Denver, Colorado, this 3 day of March, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02402-OES

Ricky Lavine Williams
Reg. No. 68189
Crowley County Corr. Facility
6564 State Hwy. 96 – Unit 4
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on \_\_\_3-6-06\_\_\_

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk